UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID M. FREEMAN<br>14340 Island Road<br>Columbia Station, OH 44028<br><br>On behalf of himself and all others<br>similarly situated,<br><br>　　　　Plaintiff,<br>　v.<br><br>FRESENIUS MEDICAL CARE<br>HOLDINGS, INC.,<br>dba Fresenius Medical Care North<br>America,<br>920 Winter Street<br>Waltham, MA 02451<br><br>　and c/o Its Statutory Agent<br>　CT Corporation System<br>　155 Federal Street Ste 700<br>　Boston, MA 02110<br><br>—and—<br><br>RENAL CARE GROUP, INC.<br>920 Winter Street<br>Waltham, MA 02451<br><br>　　　　Defendants. | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br><br><br><br><br><br><br>**PLAINTIFF'S CLASS AND<br>COLLECTIVE ACTION<br>COMPLAINT UNDER THE FAIR<br>LABOR STANDARD ACT AND<br>STATE LAW** |

Plaintiff David Freeman, through counsel, respectfully files this Class and Collective Action Complaint against Defendants Fresenius Medical Care Holdings, Inc., dba Fresenius Medical Care North America, and Renal Care Group, Inc. (sometimes collectively referred to as "Defendants").

1

## INTRODUCTION

1. This case challenges wage-and-hour policies of Defendants by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of himself and other "similarly-situated" persons who may join the case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio law.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

## Venue

6.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because both Defendants reside in this district and division and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## General Jurisdiction to Determine Class Claims

7.      The Court has "general or all-purpose jurisdiction" over Defendants and thus is a proper court to adjudicate Defendants' FLSA liability to employees on a company-wide basis.  *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (citing *Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014), and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 924 (2011)).  A court may "hear any and all claims against" a corporation when its "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home" there—the "'paradigm' forums" being "the corporation's place of incorporation and its principal place of business."  *BNSF Ry. Co.*, 137 S.Ct. at 1558 (quoting *Daimler*, 134 S.Ct. at 754 (quoting *Goodyear*, 564 U.S. at 919, 924)).  "These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims."  *Daimler*, 134 S.Ct. at 760.

8.      In the present case, Defendants are "at home" in this forum because they are both headquartered in Waltham, Massachusetts, within this Court's geographic jurisdiction and venue.

9.      According to its "About Us" page of its website and LinkedIn profile, Fresenius Medical Care North America has its headquarters at 920 Winter Street,

Waltham, MA 02451. The corporate entity that does business as Fresenius Medical Care North America—Fresenius Medical Care Holdings., Inc.—is registered with the Massachusetts Secretary of State as a New York corporation doing business in Massachusetts. According to the Secretary of State's records, the corporation's principal office is at 920 Winter Street, Waltham, MA 02451, and its officers and directors are all located there.

10. In a March 2016 lawsuit, Defendant Renal Care Group, Inc. described itself as "a Delaware corporation with its principal place of business at 920 Winter Street, Waltham, MA 02451" (Fresenius's headquarters). *See Renal Care Group, Inc. v. Smith*, Case No. 2:16-01112 (E.D. Pa. 2016), Complaint filed March 9, 2016, at ¶ 3. Renal Care Group further stated that it "is a wholly-owned subsidiary of Fresenius Medical Care Holdings, Inc., dba Fresenius Medical Care North America." In 2019, Renal Care Group, Inc. issued paychecks to Plaintiff David Freeman listing 920 Winter Street, Waltham, MA 02451 as its address.

## PARTIES

11. At all times relevant, Plaintiff David Freeman was a citizen of the United States and a resident of Cuyahoga County, Ohio.

12. Defendant Fresenius Medical Care Holdings, Inc., dba Fresenius Medical Care North America ("Fresenius") is a New York corporation with its principal place of business in Waltham, Massachusetts. According to the Massachusetts Secretary of State's records, Fresenius' statutory agent is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

13. Defendant Renal Care Group, Inc. is a Delaware corporation with its principal place of business in Waltham, Massachusetts. Since 2006, Renal Care Group has been a wholly-owned subsidiary of Fresenius.

## FACTUAL ALLEGATIONS

### Fresenius's Business

14. According to the "Company Profile" on its website, "Fresenius Medical Care provides coordinated health care services at pivotal care points for hundreds of thousands of chronically ill customers throughout the continent." It does so through its "industry-leading network of more than 2,200 dialysis facilities, outpatient cardiac and vascular labs, and urgent care centers, as well as the country's largest practice of hospitalist and post-acute providers."

15. To provide these services, Fresenius employs medical professionals in clinical as well as acute and post-acute care settings. For all such employees, Fresenius Medical Care North America determines the applicable human resources and payroll policies, and issues employee handbooks, clinical protocols, and administrative policies to its employees in its own name.

### Plaintiff's Employment with Fresenius/Renal Care Group

16. Plaintiff David Freeman has worked for Fresenius and Renal Care Group as a nurse from December 21, 2009 to the present. Plaintiff has worked at several hospitals in Northern Ohio that contract with Defendants for acute renal care services.

17. Plaintiff's paychecks were issued by Renal Care Group but listed Fresenius's headquarters—920 Winter Street, Waltham, MA 02451—as Renal Care

Group's address. The contact number listed on the paychecks—(781) 699-9000—was the main phone number for Fresenius Medical Care North America.

18. In conjunction with his employment, Plaintiff was given employee handbooks, clinical protocols, and administrative policies issued by Fresenius, including a Fresenius policy entitled "Employee Wages & Work Hours."

19. Plaintiff is an hourly, non-exempt employee within the meaning of the FLSA, as were the other employees with whom he is similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff and Fresenius's similarly situated employees are compensated on an hourly basis, and paid an overtime premium for hours worked over 40 in a workweek.

### Fresenius's Miscalculation of Employees' Overtime Pay

20. The FLSA required Fresenius to pay overtime compensation to its non-exempt employees at one and one-half times their "regular rate." 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.117. The calculation of the "regular rate" must include "all remunerations for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.117, 778.223.

21. Under Fresenius's policy entitled "Employee Wages & Work Hours," Plaintiff and other non-exempt employees were paid "on an hourly basis according to hours worked," plus "[o]vertime for any hours worked over 40 in a week."

22. In addition to the hourly rate for hours worked, Plaintiff and other similarly-situated employees received flat-rate stipends for "time spent on call."

23.     Per Fresenius's companywide written policy, on-call time "is not considered 'hours worked'," though it required employees to remain available and at the ready to be called into the workplace if necessary.

24.     The written policy further dictated that on-call pay was "[a]dditional compensation … paid to employees who provide on-call coverage."

25.     Fresenius's on-call stipends constituted "remunerations for employment" required to be taken into account in computing the employees' "regular rate" for purposes of overtime compensation.  29 C.F.R. § 778.223.

26.     Fresenius, in violation of the FLSA, did not include on-call stipends in computing employees' "regular rate" for overtime compensation.  Rather, Fresenius willfully excluded the on-call stipends and other remunerations from the "regular rate" calculation, thus reducing employees' overtime pay.

## Willfulness of Fresenius's Violations

27.     Fresenius knew that on-call stipends and other "remunerations for employment" must be included in computing employees' "regular rate" for overtime purposes, 29 C.F.R. § 778.223, or acted in reckless disregard for whether those stipends must be included.

28.     Fresenius established its pay practice in willful disregard of longstanding Department of Labor regulations as well as settled case law, including case law from its home judicial district.  DOL regulation 29 C.F.R. § 778.223, issued on January 23, 1981, cites the example of employees who "receive a payment of $5 for each 8-hour period during which they are 'on call' in addition to pay at their regular (or overtime) rate for

hours actually spent in making calls." 29 C.F.R. § 778.223.  The regulation states that the on-call payment "is clearly paid as compensation for performing a duty involved in the employee's job" and "must therefore be included in the employee's regular rate in the same manner as any payment for services." *Id*. *See also Rudy v. City of Lowell*, 716 F. Supp. 2d 130; 2010 U.S. Dist. LEXIS 57046 (D. Mass. June 7, 2010) ("federal regulations and Department of Labor opinion letters have consistently found that payments for standby or on-call duty should be included in the regular rate").

29.    In contravention of these regulations and court decisions, Defendants deliberately excluded on-call stipends and other remunerations from the "regular rate," thereby unlawfully reducing employees' overtime pay.

## Defendants' Status as "Employers"

30.    Fresenius and Renal Care Group were "employers" of Plaintiff and other similarly-situated employees within the meaning of the FLSA, 29 U.S.C. § 203(d).

31.    Fresenius directly determined the human resources and payroll policies applicable to all employees and issued employee handbooks, clinical protocols, and administrative policies to them in its own name.  The Fresenius policy entitled "Employee Wages & Work Hours" prescribed the terms under which Plaintiff and other non-exempt employees worked, including the flat-rate stipends they received for "time spent on call."  Fresenius determined whether on-call stipends and other remunerations would be included or excluded in calculating employees' "regular rates" for overtime compensation.

32.     Renal Care Group, in turn, was an "employer" pursuant to 29 U.S.C. § 203(d) in that it was "a person [who] act[ed] directly or indirectly in the interest of an employer," Fresenius, "in relation to employees," including Plaintiff and other employees of Fresenius similarly situated to Plaintiff.  Renal Care Group issued paychecks to Plaintiff listing Fresenius's headquarters address and phone number, and acted as the W-2 employer of Plaintiff and other employees of Fresenius similarly situated to Plaintiff.

33.     Department of Labor regulations provide that employees may work simultaneously for two or more joint employers.  29 C.F.R. § 791.2(a).  Joint employment occurs when the two employers are "not completely disassociated" from one another.  *Id*.  Joint employers are "responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions."  *Id*.

34.     Fresenius and Renal Care Group were joint employers of Plaintiff and other similarly-situated employees under the FLSA.

35.     At all times relevant, Fresenius and Renal Care Group were an enterprise within the meaning of 29 U.S.C. § 203(r) and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by

the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated. "

38. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Fresenius's FLSA violations consist of:  All current and former non-exempt employees of Fresenius Medical Care North America or one of its divisions or subsidiaries in the United States who worked one or more overtime workweeks within the three years preceding the filing of this case and had their overtime pay reduced by exclusion of on-call stipends or other compensation from the overtime calculation.

39. Such persons are "similarly situated" with respect to Fresenius's FLSA violations in that all were subject to Fresenius's wage-and-hours policies, all were injured by those policies, and all have the same claims against Fresenius for unpaid wages, liquidated damages, attorneys' fees, and costs.

40. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

41. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they total thousands of persons.  Such persons are readily identifiable through the records Defendants have maintained, and were required to maintain, pursuant to the FLSA.  29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## CLASS ACTION ALLEGATIONS

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Plaintiff brings this case as a class action on behalf of himself and other members of a proposed Ohio Class, defined as: All current and former non-exempt employees of Fresenius Medical Care North America or one of its divisions or subsidiaries in Ohio who worked one or more overtime workweeks within the two years preceding the filing of this case and had their overtime pay reduced by exclusion of on-call stipends or other compensation from the overtime calculation.

44. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of hundreds of persons. The number of class members as well as their identities are ascertainable from records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

45. There are questions of law or fact common to the Ohio Class, including but not limited to whether Fresenius's exclusion of on-call stipends and other remuneration in calculating their overtime pay was lawful, and what amount of damages is payable to the class.

46. Plaintiff's claim is typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Fresenius, and are based on the same legal theories, as the claims of other class members.

47. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

48. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Fresenius's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(FLSA Overtime Violations)**

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Potential Opt-Ins who may join this case pursuant to 29

U.S.C. § 216(b).  Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) is attached at Exhibit 1.

52.     The FLSA required Fresenius to pay overtime compensation to its non-exempt employees at one and one-half times their "regular rate," with "all remunerations for employment paid to, or on behalf of, the employee" included in calculating that rate.  29 U.S.C. § 207(e)(3); 29 C.F.R. § 778.117, 778.223.

53.     Fresenius, in violation of the FLSA, excluded on-call stipends and other "remunerations" in calculating employees' "regular rate," thereby reducing their overtime pay.

54.     In doing so, Fresenius willfully violated the FLSA and regulations thereunder that have the force and effect of law.

55.     Defendant Renal Care Group, as joint employer, willfully violated the FLSA in these respects for employees to whom it issued paychecks.

56.     As a result of Defendants' violations of the FLSA's minimum wage and overtime provisions, Plaintiff and the Potential Opt-Ins were injured in that they did not receive compensation due to them pursuant to the FLSA.  Section 216(b) of the FLSA entitles them to unpaid compensation, as well as "an additional equal amount as liquidated damages."  Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendants, and costs of the action."

## COUNT TWO
**(Ohio Overtime Violations)**

57.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58.     Plaintiff brings this claim for violation of Ohio's overtime compensation statutes, Ohio Rev. Code Ann. § 4111.03, on behalf of himself, the Potential Opt-Ins in Ohio, and the Ohio Class Members.

59.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

60.     Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by willfully excluding on-call stipends and other "remunerations" in the calculation of employees' "regular rate" and thereby reducing their overtime pay.

61.     Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiff, the Potential Opt-Ins in Ohio, and the Ohio Class Members in that they did not receive overtime compensation due to them pursuant to that statute.

62.     Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

### COUNT THREE
### (Declaratory Judgment)

63.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64.     Under Ohio Revised Code § 2721.02, "courts of record may declare rights, status, and other legal relations whether or not further relief is or could be claimed."

65.     Pursuant to Ohio Revised Code Sections 2721.01 to 2721.15, a justiciable controversy exists between Plaintiff and other Ohio Class members and Defendants.

66. A declaratory judgment will aid in determining the rights and obligations of the parties.

67. As to the Ohio Class, Plaintiff asks the Court to declare that (a) Defendants' policy of excluding on-call stipends and other remunerations in the calculation of employees' "regular rate" for purposes of overtime compensation violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, (b) Defendants' application of that policy unlawfully reduced class members' overtime pay, and (c) Defendants are liable to class members "for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT FOUR
### (Injunctive Relief)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Plaintiff and other members of the Ohio Class will be irreparably harmed if Defendants continue to engage in the unlawful practices alleged herein.

70. Irreparable injury to Plaintiff, other class members, and third parties will be averted, and the public interest will be served, by enjoining Defendants from engaging in such practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of

       this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.     Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins, and the Ohio Class in the amount of their unpaid wages and commissions, as well as liquidated damages in an equal amount;

E.     Enter declaratory judgment against Defendants and in favor of Plaintiff, ordering that (a) Defendants' policy of excluding on-call stipends and other remunerations in the calculation of employees' "regular rate" for purposes of overtime compensation violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, (b) Defendants' application of that policy unlawfully reduced class members' overtime pay, and (c) Defendants are liable to class members "for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court";

F.     Enter judgment against Defendants and in favor of Plaintiff enjoining Defendants from continuing to engage in the unlawful practices described in this action; and

G.     Award Plaintiff his costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

                              Respectfully submitted,

                              /s/ Thomas T. Merrigan
                              Thomas T. Merrigan, Esq., BBO 343480
                              Sweeney Merrigan Law, LLP
                              Greenfield, MA 01301
                              Phone (413) 774-5300
                              Fax (413) 773-3388
                              tom@sweeneymerrigan.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Thomas T. Merrigan
Thomas T. Merrigan, BBO 343480